## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Respondent-Appellee,<br><br>v.<br><br><br>SHERMAN L. FIELDS,<br>     Movant-Appellant. | No. 13-70025<br><br>RESPONSE TO AND CLARIFICATION OF "MOTION TO PROCEED PRO SE" FILED BY SHERMAN FIELDS<br><br><br><br>*This is a Capital Case* |

### RESPONSE TO PRO SE MOTION

On September 26, 2013, Mr. Fields filed a pleading in this Court entitled *Motion to Proceed Pro Se.* Because the motion was not signed, it was returned to Mr. Fields for correction of that defect. In addition, this Court notified counsel "appellant has moved to relieve you as counsel" and proceed *pro se*. This Court called for counsel to respond to the motion within 14 days. The letter from the Court to counsel further states: "You should set forth any pertinent facts which might assist the court in ruling on the motion."

### FACTS

Although entitled *Motion to Proceed Pro Se*, Mr. Fields' motion never requests that counsel be removed. In fact, the motion states that at trial, Fields was "forced" to proceed *pro se* over his objection.

1

Instead, the only relief requested by Fields is for this Court to "enter an Order allowing Mr. Fields to file a Brief and corresponding Appendix" supporting certain claims he wants this Court to consider.

After receiving Mr. Fields' motion and this Court's letter requesting a response, undersigned counsel spoke with Mr. Fields about the motion. Mr. Fields authorized counsel to inform this Court of that conversation. In addition to filing this motion and serving it on opposing counsel, undersigned counsel has sent a copy to Mr. Fields.

Mr. Fields does not wish to proceed *pro se* in this Court. Mr. Fields did not intend to move this Court to permit him to proceed without counsel. He wishes to have the continued assistance of counsel.

Mr. Fields intended only to move this Court only for permission to file a supplemental brief. Mr. Fields seeks to file a *pro se* supplemental brief—in addition to the pleadings filed by counsel—in support of his motion for a certificate of appealability. He filed his motion seeking an order from this Court allowing him to do so.

**ARGUMENT**

Mr. Fields did not move this Court to proceed without counsel. Instead, he moved this Court for permission to file his own brief in addition to the pleadings filed by counsel. Undersigned counsel supports that request. See *United States v.*

2

*Gillis,* 773 F.2d 549 (4th Cir. 1985) (allowing petitioner to file a *pro se* supplemental brief "strikes an appropriate balance").

This Court should not order the removal of counsel because Mr. Fields does not seek that relief.

If, despite counsel's clarification, this Court treats Mr. Fields' motion as a request to remove counsel, then this Court should remand the motion for an evidentiary hearing to determine whether Mr. Fields' request is a voluntary and whether he is competent to represent himself.  See *D. Ct. Dkt. No. 319-1,* Declaration of Dr. George Woods, p. 24 (opining, in part, that Fields was not competent to represent himself at trial).

### CONCLUSION

Mr. Fields has not moved this Court to remove counsel.  Instead, he moved this Court for permission to file a pleading *in addition* to the pleadings that will be filed by counsel.  This Court should grant that limited motion.

DATED this 7th day of October, 2013.

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
*Attorney for Mr. Fields*
Law Office of Alsept & Ellis
621 SW Morrison St., Ste 1025
206/218-7076 (ph)
JeffreyErwinEllis@gmail.com

## CERTIFICATE OF SERVICE

I, Jeffrey E. Ellis, hereby certify that on September 7, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record in the above-entitled case:

Mr. Joseph H. Gay, Jr., Assistant U.S. Attorney:
joseph.gay@usdoj.gov, amber.glascock@usdoj.gov, susan.oneal@usdoj.gov, rita.diaz@usdoj.gov, sarah.torres@usdoj.gov, APPEALSECF.USATXW@USDOJ.GOV

/s/ Jeffrey E. Ellis
Jeffrey E. Ellis
Attorney at Law