# No. 13-70025

## IN THE

# United States Court of Appeals

### FOR THE FIFTH CIRCUIT

————————————

## IN RE SHERMAN LAMONT FIELDS,

*Movant.*

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS, WACO DIVISION (W-09-CV-009, W-01-CR-164)

## APPLICATION FOR LEAVE TO FILE A SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

## THIS IS A CAPITAL CASE

JEFFREY ELLIS
OREGON CAPITAL RESOURCE CENTER
621 SW Morrison St., Suite 1025
Portland, OR  97205
(206) 218-7076

PETER J. ISAJIW
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

*Attorneys for Defendant-Appellant*
*Sherman Lamont Fields*

Movant, Sherman Lamont Fields, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2). Mr. Fields was convicted of using a firearm causing death during and in relation to escape, a "crime of violence," in violation of 18 U.S.C. § 924(c). He was subsequently sentenced to death under § 924(j), *solely* pursuant to his § 924(c) conviction under this count. But following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), escape cannot qualify as a "crime of violence" under § 924(c) and Mr. Fields' conviction cannot stand. Mr. Fields makes this request so that he may immediately challenge his conviction and death sentence under *Johnson*.

In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague. This means that the nearly identical 18 U.S.C. § 924(c)(3)(B), which defines "crime of violence" for purposes of a § 924(c) offense, is also unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court expressly held that *Johnson* applies retroactively to cases on collateral review, such as the instant case. *Id.* at 1265. In light of *Johnson* and *Welch*, Mr. Fields' § 924(c) conviction cannot stand.

Mr. Fields can make a *prima facie* showing of possible merits to warrant a review by the district court, as required by 28 U.S.C. § 2244(b)(3) and §

2255(h)(2).  Further, Mr. Fields has timely filed this application and the attached §

2255 motion within one year after the Supreme Court issued its decision in

*Johnson* on June 26, 2015.  Accordingly, this Court should allow the district court

an opportunity to consider the merits of his application.

## INTRODUCTION

On January 30, 2004 Mr. Fields was convicted of one count of using a

firearm causing death during and in relation to a "crime of violence" in violation of

18 U.S.C. § 924(c)(1).  Specifically, the "crime of violence" underlying the §

924(c) charge was escape, 18 U.S.C. § 751(a).  However, post-*Johnson,* as

explained in the attached Motion to Vacate Conviction Under 28 U.S.C. § 2255,

escape cannot qualify as a "crime of violence."  *See* Exhibit 1.  Therefore, Mr.

Fields is innocent of the § 924(c) offense, and his conviction and attendant death

sentence are void.[1]

The relevant portion of § 924(c) defining a "crime of violence" has two

alternate clauses.  The first clause – § 924(c)(3)(A) – is commonly referred to as

the "force" clause or the "elements" clause.  It applies to any felony that "has as an

element the use, attempted use, or threatened use of physical force against the

person or property of another."  The other – § 924(c)(3)(B) – is commonly referred

---

[1]  Mr. Fields' successor § 2255 petition also challenges his noncapital convictions and
sentences pursuant to § 924(c) in Count Five (using and carrying a firearm during and in
relation to carjacking) and Count Seven (using and carrying a firearm during and in relation
to escape) on constitutional grounds in light of *Johnson*.

to as the residual clause.  This catchall clause requires the court to look at whether the ordinary case of a felony would subject the victim to "a substantial risk [of] physical force" – regardless of the *particular* facts underlying that felony – and if so, categorizes that felony as a "crime of violence."

In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  135 S. Ct. at 2557.  Under *Johnson*, § 924(c)'s materially indistinguishable residual clause, § 924(c)(3)(B), must also be stricken as unconstitutional.

This Court has recently struck down a materially identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*.  *See United States v. Gonzalez-Longoria*, 813 F.3d 225, 235 (5th Cir. 2016).  The Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015) have also struck down such residual clauses on constitutional grounds.

The rationale of *Gonzalez-Longoria*, *Dimaya* and *Vivas-Ceja* must also apply when determining whether an offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).  Relying on the reasoning of *Dimaya* and *Vivas-Ceja*, two district courts recently found that the § 924(c) residual clause was void for vagueness.  *See United States v. Lattanaphom*, 2106 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson*, 2015 WL 9582736 (D. Md. Dec. 30, 2015).  As

3

further detailed in the attached § 2255 motion, these cases compel the same conclusion here.

Mr. Fields' escape offense also cannot qualify as a "crime of violence" under § 924(c)'s force clause (§ 924(c)(3)(A)). Escape (1) does not have as an *element* the use, attempted use, or threatened use of violent physical force, and (2) can be accomplished without the *intentional* use, attempted use, or threatened use of the same. Therefore, escape cannot be categorized as a "crime of violence" under § 924(c), and Mr. Fields' conviction cannot be sustained.

Pointedly, during Mr. Fields' trial, the prosecution never claimed that Mr. Fields' escape was violent – nor could it. Mr. Fields was alleged to have offered money to a corrections officer, who in turn opened the back door to the correctional facility and let Mr. Fields out. There was no allegation of actual or threatened violence in connection with the escape. Instead, the prosecution argued that escape *in the abstract* may be a violent crime:

> One of the things that you have to remember about escape that the Judge told you . . . it's a crime of violence. Why is escape a crime of violence? Because bad things happen when desperate men are on the run from the law and have guns. They can intimidate people. They can kill people. They can rob people. They can shoot people. Bad things happen. That's why it's a violent offense.

Trial Tr. 1994 at 11-17. This is precisely the "judge-imagined abstraction" that *Johnson* held to be unconstitutional. *See* 135 S. Ct. at 2557.

4

As a result, Mr. Fields' § 924(c) conviction (1) violates due process, (2) violates the United States laws and results in a fundamental miscarriage of justice, and (3) was entered in excess of the district court's jurisdiction.

Mr. Fields urges this Court to authorize his application for a successive petition so that he can pursue the above-described *Johnson* claim in District Court. Because Mr. Fields has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition. 28 U.S.C. § 2244(b)(3). This Court may authorize the filing of a second or successive application when the petitioner makes a "*prima facie* showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Because *Johnson* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, *see Welch*, 136 S. Ct. 1257, Mr. Fields can make a *prima facie* showing that he is entitled to pursue a successive § 2255 claim.

## PROCEDURAL HISTORY

### A.   *Indictment, Trial, Guilty Verdict and Sentencing.*

On May 13, 2003, the Government filed an indictment in the United States District Court for the Western District of Texas, charging Mr. Fields with (1)

5

conspiring to escape from federal custody, (2) escaping from federal custody, (3) using and carrying a firearm causing death during and in relation to escape, (4) carjacking, (5) using and carrying a firearm during and in relation to carjacking, (6) being a felon in possession of a firearm, and (7) using and carrying a firearm during and in relation to escape. On May 23, 2003, the Government gave notice it would seek the death penalty.

Trial started in January 2004. On January 30, 2004, the jury convicted Mr. Fields on all counts. From February 2 to February 5, 2004, the same jury heard testimony and argument in the penalty phase. On February 5, the jury retired to deliberate. On February 6, the jury declared itself unable to agree on punishment, and was told to keep deliberating. It recommended death shortly thereafter.

The district court entered judgment on April 12, 2004, sentencing Mr. Fields to death. The death sentence was *solely* predicated on Mr. Fields' conviction for using a firearm causing death in connection with his escape under § 924(c).[2]

### B. *Direct Appeal.*

Mr. Fields filed a notice of appeal the next day. The conviction and death sentence were affirmed by the Fifth Circuit Court of Appeals on March 29, 2007, with Benavides, J., dissenting. *See United States v. Fields*, 483 F.3d 313, 323 (5th

---

[2] The court also sentenced Mr. Fields to 715 months of imprisonment on the noncapital counts.

6

Cir. 2007). Mr. Fields sought *certiorari* in the United States Supreme Court, which denied review on January 14, 2008.

### C.    *Previous 2255 Petition.*

On January 14, 2009, Mr. Fields filed a motion for a new trial and to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which he amended on April 12, 2010. On September 25, 2012, the District Court denied Mr. Fields' amended § 2255 motion, and dismissed the action. It also *sua sponte* denied Mr. Fields a certificate of appealability ("COA").

On August 1, 2013, Mr. Fields filed a notice of appeal to this Court, and filed a motion seeking a COA and a brief in support thereof on November 13, 2013. On July 30, 2014, after hearing oral arguments, this Court denied Mr. Fields' motion on all grounds. Mr. Fields' request for *certiorari* review by the United States Supreme Court was denied on June 8, 2015.

### D.    *Johnson v. United States.*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, invalidating the ACCA's residual clause as being too vague to provide adequate notice under the Due Process Clause. 135 S. Ct. at 2557. The Court also held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both

denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* Finding the residual clause "vague in all its applications," the Court overruled its contrary decisions in *Sykes v. United States*, 131 S. Ct. 2267 (2011) and *James v. United States*, 550 U.S. 192 (2007). *Id.* at 2562-63.

**E.     *Welch v. United States.***

After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to conflict over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively. On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule to be substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265.

In light of *Johnson* and *Welch,* Mr. Fields' § 924(c) conviction cannot be sustained. And because Mr. Fields' conviction and death sentence under § 924(j) are wholly dependent upon his conviction under § 924(c), Mr. Fields' sentence of death must likewise be deemed void. Mr. Fields now requests authorization from this Court to file a successive § 2255 petition.

## LEGAL STANDARD

**Mr. Fields' Petition For Permission To File A Successive Motion In The District Court Under § 2255 Should Be Granted Because His Petition Depends On *Johnson*, And *Johnson* Announced A New Constitutional Rule Which Has Been Held To Be Retroactive By The Supreme Court.**

### A.    *Mr. Fields Can Make A Sufficient Showing Of Possible Merit To Warrant Fuller Exploration By The District Court.*

The gatekeeping Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  Under this provision, a federal prisoner must make a *prima facie* showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review.  *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that, "*prima facie* showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Chase*, 804 F.3d 738, 739 (5th Cir. 2015) (citation omitted).  To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition.  Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. *In re Moore*, 67 F. App'x 252 (5th Cir. 2003).

9

In other words, an applicant need only make a *prima facie* showing that the § 2255(h)(2) standard is met, not a *prima facie* showing that his claim has merit. As further detailed below, Mr. Fields easily satisfies the gatekeeping requirements of § 2255(h)(2).

**B.    *Johnson Announced A New Rule Of Law That Was Previously Unavailable.***

The Supreme Court's decision in *Johnson* announced a new rule of constitutional law. A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States,* 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)). In *Johnson,* the Supreme Court expressly overruled its prior decisions in *Sykes* and *James,* which had previously upheld the constitutionality of the ACCA's residual clause. *Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"). As the Supreme Court has made clear, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S. 406, 416 (2007) (citation omitted).

Further, the Supreme Court has put to rest any possible dispute on this front. In *Welch v. United States,* announced on April 18, 2016, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." *Welch,* 136 S. Ct. at 1264.

*Welch* also put to rest any dispute that the *Johnson* rule is one of "constitutional law," and held that this rule was previously unavailable to petitioners such as Mr. Fields. *See id.*

## C. *Johnson Is Retroactive, And The Supreme Court Has "Made" It Retroactive To Cases On Collateral Review.*

*Welch* also answered the final question this Court must consider before authorizing Mr. Fields to file his successive § 2255 motion. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." 136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U.S. 715, 724 (1971)). As such, the Court held, "*Johnson* is thus a substantive decision and has retroactive effect under *Teague* in cases on collateral review." *Id.*

## D. *Johnson Invalidates § 924(c)'s Residual Clause.*

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004). Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence." But after *Johnson,* categorically considering certain predicate

11

offenses to be "crime[s] of violence" is inconsistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Fields stands convicted of an act that the law does not make criminal, because *Johnson* establishes that the so-called "crime of violence" underlying his § 924(c) conviction cannot constitutionally be considered a crime of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in a similar scenario, and upon the government's concession, the Second Circuit recently granted a motion to authorize a successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction. *See Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016). The Seventh Circuit recently did the same in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

### E.   *Mr. Fields Is Entitled To Certification Under 28 U.S.C. § 2255(h)(2).*

Mr. Fields has made a "*prima facie* showing," 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."

WHEREFORE, because Mr. Fields has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h) are satisfied, he respectfully requests that his motion be granted and that he be allowed forthwith to present the attached Motion To Vacate Conviction Under 28 U.S.C. § 2255 before the district court.

Respectfully Submitted,


/s/ Jeffrey Ellis
JEFFREY ELLIS
OREGON CAPITAL RESOURCE
CENTER
Oregon Bar Number 102990
Texas Bar Number 24034132
621 SW Morrison St., Suite 1025
Portland, OR 97205
(206) 218-7076
jeffreyerwinellis@gmail.com

PETER J. ISAJIW
KING & SPALDING LLP
New York Bar Number 4151239
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
pisajiw@kslaw.com

Counsel for Sherman Lamont Fields

13

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. <u>APPELLANT</u>: Sherman Lamont Fields

2. <u>APPELLANT'S ATTORNEY</u>: Jeffrey Ellis, Oregon Capital Resource Center, 621 SW Morrison Street, Suite 1025, Portland, OR  97205

3. <u>APPELLANT'S PRO BONO ATTORNEY</u>: Peter J. Isajiw, King & Spalding LLP, 1185 Avenue of the Americas, New York, NY  10036

4. <u>APPELLEE</u>: United States of America

5. <u>APPELLEE'S ATTORNEY</u>: Joseph H. Gay, Jr., United States Attorney, Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, TX  78216

6. <u>APPELLEE'S ATTORNEY</u>: Jennifer Sheffield Freel, United States Attorney, Western District of Texas, 816 Congress Avenue, Suite 1000, Austin, TX  78701

7. <u>APPELLEE'S ATTORNEY</u>: Gregory S. Gloff, United States Attorney, Western District of Texas, 800 Franklin, Suite 280, Waco, TX 76701

/s/ Jeffrey Ellis
Jeffrey Ellis

14

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 17th day of May, 2016, a copy of the foregoing Application For Leave To File A Successive Motion Under 28 U.S.C. § 2255 was served via the CM/ECF electronic filing system upon:

Gregory S. Gloff, United States Attorney
Western District of Texas
800 Franklin, Suite 280
Waco, TX  76701
Greg.Gloff@usdoj.gov

Joseph H. Gay, Jr., United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, TX  78216
Joseph.Gay@usdoj.gov

Jennifer Sheffield Freel, United States Attorney
Western District of Texas
816 Congress Avenue, Suite 1000
Austin, TX  78701
jennifer.freel@usdoj.gov


                                    /s/ Jeffrey Ellis
                                    Jeffrey Ellis

15

## <u>CERTIFICATE FOR ECF PLEADINGS</u>

I hereby certify that: (1) required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: May 17, 2016

<div align="center" style="margin-left:50%">

/s/ Jeffrey Ellis

Jeffrey Ellis

</div>